
**CLOSED CIVIL CASE**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-22359-CIV-MORENO

ANDRES EDUARDO AVELLO,

    Plaintiff,

vs.

CITY OF MIAMI,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

THIS CAUSE came before the Court upon the Plaintiff's Motion to Remand (**D.E. No. 10**), filed on **September 15, 2009**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED as the parties agree that there are no federal claims and remand is appropriate. What remains at issue between the parties is whether the Court should award attorney's fees and costs to Plaintiff due to the improper removal. For the reasons stated below, Plaintiff's request for attorney's fees is DENIED. It is also

**ADJUDGED** that all pending motions are DENIED as moot and the Clerk of the Court is hereby directed to take all necessary steps and procedures to effect the expeditious remand of the above-styled action.

### ATTORNEY'S FEES

"An order remanding the case may require payment of just costs and actual expenses,

including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The test to determine whether the award of attorney's fees and costs should be given depends upon whether the removing party lacked an objectively reasonable basis for removal. *Id.* The Eleventh Circuit has explained that the reasonableness standard was the result of balancing the "desire to deter removals sought for the purpose of prolonging litigation . . ., while not undermining Congress' basic decision to afford defendants a right to remove, . . .when the statutory criteria are satisfied." *Lost Mountain Homeowners Ass'n, Inc. v. Rice*, 248 Fed. Appx. 114, 115 (11th Cir. 2007). In the exercise of its discretion, the Court does not find Defendant lacked an "objectively reasonable basis for removal" and removal did not appear to be solely for the purpose of prolonging litigation.

Plaintiff filed state law false arrest and intentional infliction of emotional distress claims associated with his detention by the police on January 17, 2008 in Coconut Grove, Florida. Though Plaintiff exclusively asserted state causes of action, Plaintiff generically noted in his initial complaint that Defendant violated his civil and constitutional rights. Defendant removed based on the theory that Plaintiff was asserting a federal claim under 42 U.S.C. § 1983, though that was not explicitly stated in his complaint. Subsequent to Defendant's removal, Plaintiff carefully crafted an amended complaint that made clear there was no federal claim, and thus, Defendant is now conceding remand is appropriate. The Court does not find Defendant's removal unreasonable in light of the generic language Plaintiff used in his initial complaint indicating that Defendant violated Plaintiff's constitutional and civil rights. Indeed, many false arrest cases are brought under the federal and state

statutes. That this turned out to be an exception is not reason to charge Defendant attorney's fees incurred by Plaintiff in litigating in this Court. Accordingly, the Court denies the Plaintiff's request for attorney's fees.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of December, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record